**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

          v.                      Cr. 06-248-04 (JDB)

**JUAN DEL CID MORALES,**

        **Defendant**

**MOTION TO SUPPRESS STATEMENTS AND
INCORPORATED MEMORANDUM OF POINTS
AND AUTHORITIES AND REQUEST FOR A HEARING**

Juan Del Cid Morales, through counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial, statements he allegedly made during custodial interrogation that were obtained in violation of the Fourth Amendment, Fifth Amendment, Sixth Amendment and Treaty Obligations. The statements were involuntary and any waiver of rights was uninformed and constitutionally insufficient. An evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

Juan Del Cid Morales was indicted in August 2006 and charged with conspiracy to Import Five Kilograms or More of Cocaine into the United States in violation of Title 21 USC § 960 and 963 and Aiding and Abetting in violation of Title 18 USC § 2 and Forfeiture in violation of 21 USC § 853 and 970. In September 2006 he was extra judicially seized by agents of the DEA in El Salvador and was interrogated thereafter. His statements are a product of the unlawful seizure and interrogation. Mr. Del Cid

Morales now moves this Court for an Order suppressing any and all statements allegedly made by him.  On September 27, 2006 a "post arrest interview" was conducted of Juan Del Cid Morales.  No notes of the interview have been provided.  No transcript of the interview has been provided.  No audio or video of the interview has been provided. No Spanish language professional was employed to interpret for the defendant.  The interview was wholly conducted by law enforcement officers of the DEA with an eye toward prosecution.  The statement must be excluded as unreliable.

### Fourth Amendment, Fifth Amendment and Treaty Violations

As a condition precedent to the custodial interrogation of Mr. Del Cid Morales, he was kidnapped by unknown parties in El Salvador at the direction and behest of the DEA, in violation of 22 USC § 2291(c).  The Mansfield Amendment.  The defendant's arrest was a clear violation of 22 USC § 2291(c) which states in relevant part:

(1). . . No officer or employee of the United States may directly effect an arrest in any foreign country as part of any foreign police action with respect to narcotics control efforts, notwithstanding any other provision of law.

(2). . . an officer or employee of the United States [may], with the approval of the United States chief of mission [U.S. Ambassador], [be] present when foreign officers are effecting an arrest or [assist] foreign officers who are effecting an arrest.

The surveillance and the abduction of the defendant was at all

times a DEA operation. The DEA was never assisting officers of El Salvador in a Salvadoran operation. This was an American DEA investigation that began prior to November 2005. Guatemalan citizens were the subject of the DEA investigation and of the August 2006 District Court Indictment. Guatemalan treaty obligations exclude the extradition of its own citizens to the United States. The defendants were therefore instructed by DEA operatives to go to El Salvador, in order to facilitate their kidnapping and rendition to the United States. The conduct of the DEA in ordering and orchestrating the armed seizure of the defendant in El Salvador is prohibited by the Mansfield Amendment. Where due process is violated, the Fifth Amendment of the US Constitution is offended.

The Fourth Amendment applies abroad when US agents operate in a joint venture with foreign violators of the Fourth Amendment. A foreign national outside the United States is not free of Fourth Amendment protection. Where the DEA participates in a joint venture to arrest the defendant or otherwise orchestrates the overseas arrest, the Court must look to foreign law to determine the legality of the seizure. Salvadoran laws may have been violated in regard to one or more of the following: 1) kidnapping 2) expulsion 3) laws regarding legal authorization to seize individuals 4) Salvadoran-Guatemalan legal agreements 5) extradition treaties and 6) international law. The defendant requests additional time to investigate these matters.

Special renditions, rather than lawful arrests and extradition, have become normal police actions by the DEA. This very ordinary case is not an exceptional matter which requires and permits the so called special renditions by U.S. law enforcement. It is bad public policy. It is also very

3.

dangerous politically and it violates both international treaties and United States law.  The United States is a party to an Extradition Treaty with El Salvador. El Salvador is a party to the 1988 UN Drug Convention. Narcotics offenses are covered as extraditable crimes by virtue of the 1988 UN Drug Convention, to which El Salvador is a party.  See *Embassy of the United States Drug Trafficking Report El Salvador,* 2004.  The defendants Fourth Amendment rights were violated by the unlawful seizure. *United States v. Mendenhall, 446 U.S. 210(1980);  United States v. Toscanino, 500 F.2d 267 (2d Cir. 1974).* The statement is a Fruit of the Poisonous Tree and must be Suppressed.  *Wong Sun, 371 U.S. 471 (1963);  Mapp v. Ohio,  367 U.S. 643 (1961); Dunaway v. New York, 442 U.S. 200 (1979).*

### The Alleged Statements Were Made in Violation of the Fifth Amendment of the U.S. Constitution

Mr. Del Cid Morales' alleged statements were obtained in violation of his 5th Amendment rights.  *Miranda v. Arizona, 384 U.S. 436 (1966).* The defendant is an uneducated pig farmer, with no knowledge of English or the United States criminal justice system, from a rural area of Guatemala.  There can be no finding that when he allegedly made the statements that he intentionally relinquished a known right or privilege. *Johnson v. Zerbst,  304 U.S. 458, 464 (1938).  See also Tague v. Louisiana, 444 U.S. 469, 471 (1980)*(any waivers must be shown to be understanding).

The government must prove by a preponderance of the evidence that Mr. Del Cid Morales' alleged statements were made voluntarily. *Lego v. Twomey, 404 U.S. 777 (1972).*   The Court must consider the "totality of the circumstances"  in deciding whether Mr. Del Cid Morales  made  any

4.

statement voluntarily.  *Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962)* (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); *Clewis v. Texas, 386 U.S. 707 (1967).*  The Court must specifically examine the circumstances of the custodial interrogation and the efforts to overbear Mr. Del Cid Morales' free will in relation to his capacity to resist those efforts. *Davis v. North Carolina, 384 U.S. 737 (1966);*  The Court must examine Mr. Del Cid Morales' "background, experience and conduct," *North Carolina v. Butler, 441 U.S. 369, 375 (1979)* to determine whether his alleged statements were the product of a rational intellect and a free will.  *Blackburn v. Alabama,  361 U.S. 199, 208 (1980).*

### THE STATEMENTS WERE SEIZED IN VIOLATION OF THE DEFENDANTS' POST INDICTMENT RIGHT TO COUNSEL; ANY WAIVER WAS INVOLUNTARY

At the time of his custodial interrogation, the defendant was indicted.  The alleged waiver of his rights was involuntary and uninformed.  The alleged waiver was neither the product of a rational intellect or a free will.

5.

## **CONCLUSION**

For the forgoing reasons, any one of them sufficient to compel suppression of Mr. Del Cid Morales' alleged statements in this case, and for any other reasons this Court my deem just and proper, and which may appear in supplemental pleadings which the defendant reserves the right to file, the defendant respectfully requests that this Motion be granted and that any statements allegedly made by him be suppressed as evidence against him. The defendant requests an evidentiary hearing on this Motion.

Respectfully submitted,

_____/s/_____
H. Heather Shaner # 273 276
Appointed for Mr. Del Cid Morales
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210