**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


**UNITED STATES OF AMERICA**


      **v.**                      **Cr. 06-248-04 (JDB)**


**JUAN  DEL CID MORALES,**

           **Defendant**


<u>**MOTION FOR A BILL OF PARTICULARS**</u>
<u>**PURSUANT TO F.R.C.P. 7 (f)**</u>

      Juan Del Cid Morales, through counsel, moves this Court to order the government to provide a bill of particulars to allow the defendant to be informed of the precise charges against him and to protect him against retrial on the same charges and to enable him to investigate and to prepare a defense.  In support of this Motion the defendant states as follows:


      1. Juan Del Cid Morales was indicted in August 2006 and charged with Conspiracy to Import Five Kilograms or More of Cocaine into the United States in violation of Title 21 USC § 960 and 963, Aiding and Abetting in violation of Title 18 USC § 2 and Forfeiture in violation of 21 USC § 853 and 970.


      2. Counsel has reviewed the Indictment,  the documents and audio and video evidence provided to defendant thus far.

1.

3.   The charge in Count 2 of the Indictment is so general that the defendant is unable to understand the facts that constitute the charge, in order to prepare a defense and  be protected against retrial on the same charges.  *United States v. Butler,*  822n F.2d 1191 (D.C. Cir. 1987).

4. If an indictment is sufficiently specific, a bill of particulars is not required.  However when the charging document contains no overt acts , merely outlines the elements of the offense and lists many countries where the offense allegedly occurred, an indictment  it is not adequate as a notice document.  A  bill of particulars is required.   FRCP 7 (f).

5.   The Indictment in the instant case contains no overt acts nor specific facts to permit the defendant to prepare a defense.  It would be an abuse of discretion to deny the  request for a bill of particulars when the indictment is so imprecise and lacking in details.   *United States v. Pollack,* 534 F.2d 964, 970 (D.C. Cir. 1976).

The   defendant   respectfully   requests   the   Court   Order   the government to provide the following particulars to the defendant:

a.    The nature of any act by Mr. Del Cid Morales that the government believes shows he is involved in the conspiracy;

b.   The particular date, location and participants at any meetings in furtherance of the conspiracy;

c.    The dates the conspiracy is claimed to have begun and the date the conspiracy is alleged to have ended  and the date when the defendant allegedly joined the conspiracy;

2.

d.    The specific words spoken or adopted by the defendant that the government believes show the intent of the defendant to join the conspiracy;

e.    The circumstances surrounding the alleged statements which show intent.   Where the words were spoken.   To whom.   Under what circumstances.  How  the words were memorialized or recorded.

f.    The specific deed of the defendant that the government believes shows  the intent of the defendant to join the conspiracy.

g.    The circumstances surrounding the alleged deed.  Time, location and participants.

h.    The specific words spoken or adopted by the defendant that the government believes show the knowledge of the defendant of the purpose and parameters of the conspiracy;

i.    The circumstances surrounding the alleged statements which show knowledge.  Where the words were spoken.  To whom.  Under what circumstances.  How  the words were memorialized or recorded.

j.    The specific deeds of the defendant that the government believes shows knowledge of the defendant of the purpose and parameters of the conspiracy.

k.    The circumstances surrounding the alleged deed which shows knowledge. The specific circumstances of the defendant's involvement. Time, location and the participants.

l.    The structure of the alleged conspiracy: spokes and rim, chain etc.

m.    The role of the defendant in the conspiracy.

n.    As to each alleged conspiratorial act and   conversation the government should identify the date,   the time, the parties and the location.  The government  should state  specifically where each act took place:   El Salvador, Guatemala, Panama,   Mexico or "elsewhere";  and the Government  should  identify  what  defendants  or other persons "known and  unknown to the grand  jury" allegedly participated in such act and/or  conversation.

o.    As to the charge of Aiding and Abetting in violation of 18 USC § 2 alleged  in  Count  Two  of the  Indictment,   the  government  should  state what actors and what acts constitute the charge of  Aiding and Abetting.

p.    As to Count Three the government should state what money and or property does the  government allege is subject to forfeiture as a result of any act or omission of the defendant in violation of 21 USC § 853 and 970

## Conclusion

The particulars requested are vital to  the defendant to allow him to investigate  and  to  properly    prepare  his  defense.    The  requested information  is  necessary  to  a  determination  as  to  whether  the government  has  improperly  charged  multiple  conspiracies  in  a  single count.  The defendant  seeks  to  protect  himself from  the  impermissible variance of proof at trial and his right to a unanimous  verdict under Article III § 2 and the Sixth Amendment.  See   *Stirone v. United States,* 361 U.S.

4.

212(1960); *Kotteakos v. United States*,  328 U.S. 750 (1946).  Finally the defendant needs to protect himself against retrial for the same charges. *United States v. Butler,*  822n F.2d 1191 (D.C. Cir. 1987).

**Wherefore** the defendant respectfully requests this honorable Court Order the government to provide a Bill of Particulars pursuant to FRCP  7(f) to fulfill the notice function of an Indictment  by a plain statement of the essential facts constituting the offense charged.  FRCP 7 (c)(1).

Respectfully submitted,

_____/s/_____
H. Heather Shaner  # 273 276
Appointed by the Court for
Juan Daniel Del Cid Morales
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210