UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

        v.                          Cr. 06-248-04 (JDB)

**JUAN DEL CID MORALES,**

        **Defendant**

## MOTION FOR SEVERANCE OF COUNTS
## PURSUANT TO FRCP 8(a) AND FRCP (14)

Juan Del Cid Morales, through counsel, moves this Court to sever Count One from Counts Two and Three of the pending Indictment pursuant to FRCP 8(a) and FRCP 14. In support of this Motion Mr. Del Cid Morales states as follows:

1. Rule 8(a) governs joinder of offenses and provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

2. According to government counsel, and as supported by the discovery provided to the defendant, Count One involves a separate conspiracy beginning in November 2005 and involving Jorge Bardales Bourdet and Edgar Antonio Chiu Serrano. Neither conspirator is before this court nor susceptible to extradition from Guatemala.

3.  According to government counsel, and as supported by the discovery provided to the defendant, Count Two involves a distinct and separate conspiracy beginning in April 2006 with an overlap in the named co conspirators.

4.  Mr. Del Cid Morales is not charged in Count One. Count One is a separate act or transaction from Count Two. The counts are not part of a common scheme or plan.

5.  Mr. Del Cid Morales is prejudiced by the misjoinder of Counts One and Count Two. The proof of the facts in support of Count Two are separate and exclusive of the proof of the facts in support of Count One. The joinder together at trial would prejudicially confuse the jury. The joinder of the Counts for Trial would require the government to prove facts about an actual shipment of cocaine involving Mr. Bardales Bourdet and Mr. Edgar Chiu Serrano. These facts would prejudice Mr. Del Cid Morales in defending Count Two. Count Two is in contrast a "dry conspiracy" involving allegations only that words were spoken. There is no allegation nor any facts disclosed to the defendant, which involve any overt act nor any actual contraband. The conspiracy in Count Two involves a lot of talk and the DEA trying to broaden its net and locate possible additional malfeasants.

6.  Count One should be severed from Count Two because of misjoinder. Rule 8 (a). Count One should be severed from Count Two because of prejudicial joinder. Rule 14.

7.  There is no basis for a balancing test between prejudicial joinder and judicial economy and efficiency as it is unlikely the named defendants in Count One will ever be brought to the United States for trial.

**WHEREFORE** Mr. Del Cid Morales moves this Honorable Court to grant this motion and sever Count One from the Indictment pursuant to FRCP 8(a) and FRCP 14.

Respectfully submitted,

_____/s/_____
H. Heather Shaner  # 273276
Appointed by the Court for
Juan Del Cid Morales
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210