UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Criminal No. 06-248-04 (JDB) |
| JUAN DEL CID MORALES | * | |

### RESPONSE TO MOTION FOR BILL OF PARTICULARS

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drugs, Department of Justice, and Paul W. Laymon, Trial Attorney, Narcotic and Dangerous Drugs, and responds to the motion for a bill of particulars.

Defendant was indicted for conspiring to import more than five kilograms of cocaine into the United States. The indictment alleges that this defendant and other named defendants conspired between certain dates in 2006 to import more than five kilograms of cocaine into the United States from Guatemala and elsewhere. The government has provided defense counsel with a fairly large amount of discovery which included incriminating statements made by the defendant and two other codefendants to DEA agents, taped meetings between defendant and a confidential informant, and DEA investigative reports. Defendant has filed a lengthy motion for a bill of particulars which appears to be a thinly veiled attempt to secure more discovery.

A bill of particulars is used to ensure the charges are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and to protect against retrial on the same charges. *United States v. Butler,* 822 F.2d 1191, 1193 (D.C.Cir. 1987).

Here the indictment identified the object of the conspiracy, provided a time period for the conspiracy, identified the statutes violated, identified the codefendants, identified the mens rea required under the law, and identified the countries where the conspirators acted. Although the indictment contained no overt acts, none are required by the statute. *United States v. Mejia,* 448 F.3d 436, 445 (D.C.Cir. 2006). Facing an indictment similar to the one in the instant case, defendant in *Mejia* (represented by defense counsel in this case) filed a request for a bill of particulars. The district court refused to order the government to respond to the request, found the indictment sufficiently apprised and protected the defendants, and on appeal the appellate court agreed. *Id.* at 445-446. As in *Mejia,* the indictment and the discovery together ensure that the defendants understand the charges, can prepare for trial, and are protected against retrial on the same charges.

Accordingly, the motion for a bill of particulars should be denied.

Respectfully submitted,

_____
Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone    202-514-1286
Facsimile  202-514-1483

CERTIFICATE OF SERVICE

    I certify that a copy of this response was sent via e-mail and facsimile to Heather Shaner, attorney for defendant, on this 24th day of January, 2007.

                                                                           _____

                                                                              Paul W. Laymon