UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Criminal No. 06-248-04 (JDB) |
| JUAN DEL CID MORALES | * | |

SUPPLEMENTAL  RESPONSE  TO  MOTION  TO  SUPPRESS  STATEMENTS

      Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drugs, Department of Justice, and Paul W. Laymon and Michael Mota,  Trial Attorneys, Narcotic and Dangerous Drugs, and responds additionally to the motion to suppress statements.

      Defendants,  residents of Guatemala,  were indicted for conspiring to import more than five kilograms of cocaine into the United States.  Defendants were arrested by authorities in El Salvador after the defendants went to El Salvador to meet with a DEA confidential informant. Some or all of the defendants had met three times previously with the informant in El Salvador. The defendants were arrested after the DEA contacted law enforcement authorities in El Salvador and informed the authorities of the defendants' conduct in El Salvador.  The DEA agents did not arrest the defendants or otherwise assist in the arrests.  The defendants were expelled from El Salvador by authorities in that country and  placed in the custody of DEA agents, who transported them to the United States.  The defendants were not extradited from El Salvador; rather, their presence in the United States was acquired outside the terms of the treaty between the United States and El Salvador.  That treaty does not preclude or prohibit such an expulsion.

Defendants complain that they were arrested in violation of the <u>Mansfield Amendment</u>, 22 USC Section 2291, which holds that a DEA agent cannot directly effect an arrest in a foreign country as part of any foreign police action. Defendants claim that such a violation amounts to a violation of the Fourth and Fifth Amendment, and that their post arrest statements (made to DEA agents) should be suppressed. Defendants cite no authority for this claim.

Defendants' argument has no merit. In *United States v. Mejia,* 448 F.3d 436,442-444 (D.C.Cir. 2006), the court looked at jurisdiction issues involving a defendant who was arrested in Panama by Panamanian authorities and turned over to DEA agents, who then transferred him to the Unites States without following the extradition treaty between the two nations. The court found that the extradition treaty between the United States and Panama did not prohibit procuring the defendant outside the terms of the treaty, and that under well settled precedent, the district court would not lose jurisdiction of the defendant. *Mejia,* 448 F.3d at 442-443. Further, the court held that the Mansfield Amendment was not violated where Panamanian authorities arrested the defendant "many hours before the DEA came on the scene". *Id* at 443. The court went on to note, in dicta, that it need not decide whether a violation of the Amendment stripped the court of jurisdiction. *Id* at 443-444. But, the court cited to *United States v. Zabaneh,* 837 F.2d 149, 1261 (5th Cir.), for the proposition that Congress did not provide any sanctions or penalties "by way of relief" for persons arrested in violation of the Amendment. *Id.* at 444.

*Mejia* established a framework for analyzing the issues presented here. First, the treaty between the United States and El Salvador did not prohibit the way in which the DEA gained custody of the defendants. United States Extradition Treaty with El Salvador, April 18,1911, 7 Bevans 507. Thus, the court does not lose jurisdiction of this case. The manner in which the defendants came to be transferred to the United States may be relevant in assessing whether the

defendants knowingly and voluntarily made incriminating post arrest statements to DEA agents, but the outside the treaty expulsion to the United States is not itself a reason to dismiss a case or suppress a statement. The Supreme Court has noted that defendants may be forcibly adducted from a foreign country and returned to the United States for trial, and that such forced abduction is not a grounds for dismissal. *United States v. Alvarez-Machain,* 504 U.S. 655, 662-63 (1992). Second, *Mejia* stands for the proposition that the Mansfield Amendment is not violated when the DEA separates its agents from the actual arrest of the defendant. Here, though the agents were present in the country when defendants were arrested, the agents did not participate in the arrest, and there was no violation of the Amendment. Even if the Amendment was violated, the Amendment establishes no personal rights for the defendants here and does not even provide for any penalties or sanctions for a violation. See also *United States v. Bridgewater,* 175 F.Supp.2d 141, 146 (D.P.R. 2001). Further, the Fourth Amendment does not protect foreign nationals from searches and seizures conducted overseas by foreign or United States law enforcement. *United States v. Verdugo-Urquidez,* 494 U.S. 259, 265, 274-75 (1990); *United States v. Mount,* 757 F.2d 1315, 1318 (D.C.Cir 1985).

In sum, defendants could be expelled into the custody of DEA agents, without regard to the extradition treaty between the United States and El Salvador. Further, there was no violation of the Mansfield Amendment, and even if there was, suppression of the defendants post arrest statements, without more, is not a proper remedy. Last, the Fourth Amendment does not apply to searches or seizures of a foreign national in a foreign country, whether performed by United States or foreign law enforcement.

Respectfully submitted,

_____

Paul W. Laymon
Trial Attorney
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone      202-514-1286
Facsimile  202-514-1483

## CERTIFICATE OF SERVICE

I certify that a copy of this response was hand delivered to Heather Shaner, Elise Haldane, and Dani Jahn, attorneys for defendants, on this 28th day of February, 2007.

_____

Paul W. Laymon