UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


**UNITED STATES OF AMERICA**

v.                                                                    Crim. No. 06-248(JDB)

**JUAN DEL CID MORALES**


## PROPOSED VOIR DIRE QUESTIONS

Panel Federal Defender Heather Shaner represents Mr. Juan Del Cid Morales. Does any member of the panel know Ms. Shaner?

Mr. Juan Del Cid Morales is from Esquintla, Guatemala where he runs a small pig farm. Does anyone recognize Mr. Del Cid Morales?

The events of this case involve two luncheons at El Tenedor Restaurant, in San Salvador, El Salvador in the summer of 2006. Do you know anything about the facts of this case? Are you familiar with the countries of El Salvador or Guatemala?

**Potential Juror Bias**

**Drugs**

Mr. Del Cid Morales is charged with conspiring to knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine into the United States from Guatemala, Mexico and elsewhere; and knowingly and intentionally to manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, intending and knowing that such substance would be unlawfully imported into the United States.

1.   Does the nature of the charge itself make it difficult for you to render a fair and impartial verdict based only on the evidence?

2.	When you heard the charge is conspiracy to import cocaine did you automatically assume Mr. Del Cid Morales must be guilty?

3.	Do you have such strong feelings about cocaine that it would be difficult for you to weigh the evidence presented by the government in this case and to be a fair and impartial juror?

4.	 Have drugs had an impact on you or on a family member or a close friend?  How would that affect your ability to impartially evaluate the evidence in this case?

5.	Have illegal drugs or cocaine had an impact on your neighborhood?  Would that affect your ability to impartially evaluate the evidence in this case?

**Presumed Innocent**

6.	One of the fundamental principles of our legal system is that when an individual is brought to court and charged with a crime, that person is presumed innocent.  If you are selected as a juror in this case will you apply the rule of law that Juan Del Cid Morales is presumed to be innocent?

7.	 Even though Mr. Del Cid Morales was brought to the United States by the DEA he is presumed innocent unless the government proves the charge of Conspiracy beyond a reasonable doubt.  Does the fact that he was transported to the United States by the DEA make it difficult for you to presume now that he is innocent?

8.	There has been an indictment in this case.  An indictment is the formal way of presenting a charge.  Does the fact that the government charged Mr. Del Cid by an indictment affect your ability to presume  he is innocent?

9.	 The government has the burden of proving a person accused of a crime is guilty of that crime as charged, No person charged by the government with an offense is

expected or required to put on any evidence or to prove that he is not guilty or that he is innocent. The responsibility to establish proof never shifts to the defendant. Are you comfortable with this rule of law?

10. Do you feel a defendant should be required or expected to prove he is innocent?

11. Do you feel Mr. Del Cid should testify or present evidence on his behalf before you could find him not guilty?

12. One of the most important principles in our judicial system is the rule that before the presumption of innocence can be overcome, the government must present sufficient proof of guilt , beyond a reasonable doubt,  that a defendant is guilty of the charged offense. Do you feel you may not be able to apply this standard of proof in weighing the evidence in a  drug conspiracy case?

13. Do you think the United States government does not take cases to trial unless the defendant is probably guilty?

14. Do you think a person who is not guilty is every brought to trial?

15. It is not Mr. Del Cid Morales' or his attorney's responsibility to prove Mr. Del Cid Morales is not guilty or is innocent.  Because he is presumed innocent, he does not need to testify, or to offer any evidence.  If he chooses to exercise this constitutional right, would you view this decision as evidence of guilt?

**Law Enforcement**

16. Have you ever held a job that required you to carry a gun?

17. Have you ever applied for a job or worked in any capacity  for a law enforcement agency, or in the security field including: the MPD, FBI, USSS, DEA, IRS, US Marshal

Service, USPP, Homeland Security, Immigration, Bureau of Prisons, Department of Corrections or any Prison or Jail?

18.     Do you have any relatives or close friends who have applied for or who work in law enforcement or security?

19.     Would you tend to give greater weight, no matter how slight, to the testimony of a government agent or a prosecution witness merely because he or she is employed by or testifying on behalf of the government?

20.     Would you have difficulty believing the testimony of an ordinary citizen over the testimony of a law enforcement officer if the citizen's testimony conflicted with the officer's testimony?

21.     Have you, your family or close friends, been employed as a government official either in the United States or abroad?

22.     Are you, your family or close friends employed now or in the past by the Office of the United States Attorney, any Court system, prison, probation or parole office or for a prosecutors office in any capacity?

23.     Have you your relatives or close friends ever studied law or worked in any capacity in a law office?

24.     DEA agents will be witnesses in this case. Would you be more or less likely to believe a DEA agent than another witness just because he is a DEA agent? The law requires you to evaluate the testimony of a law enforcement officer just as you would any other witness. Are you able to follow this rule of law?

25.     Do you agree that a law enforcement officer is more able to make identifications or perceive events or remember facts than an ordinary citizen?

**Racial Bias/Guatemalan/Language**

26. Have you ever lived or worked in a country where Spanish is the first language?

27. Have you ever lived or worked in a country where English was not the first language?

28. Do you speak or understand Spanish?

29. Do you have any Spanish speaking relatives, friends or neighbors?

30. Do you work with any Spanish speaking persons?

31. Do you socialize with any Latin Americans?

32. Do you do any volunteer work with immigrants?

33. Do you speak a language in addition to English?

34. Have you studied a foreign language?

35. Have you tried to communicate with someone who spoke a different language than your native language?

36. Have you studied/worked/or lived in another country?

    (a) Did you speak the language spoken there

37. You will see interpreters in court. Do you feel it is a waste of resources for the judicial system to provide an impartial interpreter to an individual charged by the United States with a crime?

38. Some of the witnesses in the case are Spanish speaking. The Court interpreter will interpret this testimony for you. Are you willing to expend the extra effort to pay attention to testimony presented in this fashion?

**Statement**

39. If you were charged with a crime and gave a statement how would you want your statement recorded for accuracy?

40. If a law enforcement officer gave one version of a statement and the defendant gave another version, how would you decide credibility?

41. How would you want the most important document in your life recorded for accuracy?

42. Have you ever been questioned by a law enforcement officer?

43. Have you ever said something that was misunderstood or misconstrued?

**Prior Jury Service**

44. Have you ever served on a Grand Jury? Do you understand that the standard of proof for a grand jury return of an indictment is much lower than the standard of proof beyond a reasonable doubt required in a petit jury trial? Do you think you might have any difficulty applying this higher standard of proof?

45. Have you ever served as a juror in a civil case? Do you understand that the standard of proof in a criminal case is much higher, beyond a reasonable doubt, than in a civil trial? Do you think you might have any difficulty applying this higher standard of proof?

46. Have you ever served as a juror in a criminal trial?
47. Have you ever served as jury foreperson?
48. Have you heard or seen anything in your previous jury service that would make it difficult for you to sit as a juror in this case?

**Victim of, Witness to, Charged with a Crime**

49. Have you, your relatives or close friends been a witness to or a victim of a crime?

50. Have you, your relatives or close friends ever been arrested for and charged with a crime?

**Individual Judgment**

51. If chosen as a juror, you should stand by your own opinion based on the evidence presented at trial and give Mr. Juan Del Cid Morales the benefit of your individual judgment. Is there anyone who believes he or she would be unable to reach his or her own decision based on the evidence?

52. To reach a verdict, every juror, must agree on that verdict. In deliberations you are to consider the opinions and points of your fellow jurors. However, in the end, you must follow your own conscience and be personally satisfied with a verdict. Do you believe you would be able to follow your own conscience or do you fear you would go along with the majority, even if you did not agree, because you were outnumbered?
Or
If you came to the conclusion that the government had not proven Mr. Del Cid Morales guilty beyond a reasonable doubt, and you learned that the majority of the jurors believed he was proven guilty, would you change your individual verdict because you were in the minority?

53. Do you have any moral, religious or philosophical conviction that would make it difficult for you to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during trial?

**Hardship Or Juror Problems**

54. Do you know or have you heard about any of the witnesses?

55. Do you know or recognize anyone in the Court?

56. Do you know any other member of the jury panel?

57. Do you have any concerns about any member of the panels' ability to understand and participate in the proceedings?

58. Are you taking any medication or do you have any health concerns, eye sight or hearing problems, that might make it difficult for you to pay attention to the evidence presented in court?

59. A significant part of the evidence will involve audio and video recordings. Would watching a screen and listening to such evidence present a hardship for you?

60. Would your own fears or concerns about crime make it difficult for you to listen to the evidence in a criminal trial and to weight the evidence fairly and impartially?

61. Is there any reason you would not be able to be a fair and impartial juror in this case?

Respectfully submitted,

_____/s/_____

H. Heather Shaner #273276
for Juan Del Cid Morales
1702 S St. N.W.
Washington, D.C. 20009
Tel. 202 265 8210