UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

UNITED STATES                            *

v.                                       *     Criminal No. 06-248 (JDB)

ERIK DONAIRE CONSTANZA- BRAN             *


MOTION TO ADMIT DEFENDANT'S STATEMENTS TO SA FRAGA

Comes the United States through Kenneth A. Blanco, Chief, Narcotic and Dangerous Drug Section, Department of Justice, and Paul W. Laymon and Kia Habisreitinger, Trial Attorneys, Narcotic and Dangerous Drug Section, and moves the court to admit the testimony of SA Steve Fraga in regards to the questioning of defendant.

On or about September 27, 2006, in the nation of El Salvador, defendant was turned over to the custody of DEA Special Agents Steve Fraga and Jason Sandoval. The defendant, the two agents, and two codefendants were flown back to the US in a DEA airplane piloted and copiloted by two other DEA agents. SA Fraga was the case agent and was very familiar with the defendant. SA Sandoval was not the case agent, had not been involved in the investigation of the case, and knew very little about the defendant or the facts of the investigation. But SA Sandoval spoke Spanish and was present to serve as SA Fraga's interpreter. (SA Sandoval was also no doubt present to provide security so that SA Fraga did not have to watch three defendants by himself.) SA Sandoval majored in French (and one other subject) in college and later went to the DEA language school to learn Spanish. He then served four years with the DEA in Mexico,

where he spoke Spanish every day.

On the way back to the US, SA Sandoval and SA Fraga questioned the defendant. SA Sandoval advised the defendant in Spanish of his Miranda rights and executed the rights waiver form with the defendant. Thereafter, SA Fraga would ask a question, SA Sandoval would translate it to the defendant, the defendant would respond in Spanish, SA Sandoval would translate the answer for SA Fraga, and SA Fraga would make notes based on what SA Sandoval stated. At one point in this process when SA Fraga briefly turned his attention away from the defendant, SA Sandoval propounded a few questions himself and then made brief notes on the paper SA Fraga was using to make notes.

The prevailing view in the law is that the translator is to be viewed as either a conduit whose translation does not create an additional level of hearsay, or the translator is treated as an agent of the defendant so that the translation is considered an admission by the defendant, which is technically not hearsay pursuant to Fed.R. Evid. 801(d)(2). Compare *United States v. Martinez-Gaytan,* 213 F.3d 890, 892-893 (5th Cir. 2000) ( interpreter as conduit, such that the interpreter's statement should be regarded as the defendant's own statement pursuant to 801(d)(2)(A)), with *United States v. Beltran,* 761 F.2d 1, 9-10 (1st Cir. 1985) (translator as agent of the defendant, interpreter's statements are not hearsay pursuant to 801(d)(2)(D)). Several other circuits follow the agency theory. See *United States v. Da Silva,* 725 F.2d 828, 831 (2d Cir. 1983); *United States v. Sanchez-Godinez,* 444 F.3d 957, 960-961 (8th Cir. 2006); and *United States v. Alvarez,* 755 F.2d 830, 859-860 (11th Cir. 1985), *cert. denied,* 474 U.S. 905 (1985). Other courts seem to combine both agency and conduit theories.See *United States v. Nazemian,* 948 F.2d 522, 526-529 (9th Cir. 1991).

The fact that the interpreter is a law enforcement agent does not prevent the interpreter

from acting as the defendant's agent. *The People v. Torres,* 213 Cal.App.3d 1248, 1259 (Cal. App. 3 Dist. 1989) (interpreter was a police officer); *Da Silva,* 725 F.2d at 829, 832 (defendant was a "Customs Inspectional Aide" in the United States working with the DEA); and, *Sanchez-Godinez,* 444 F.3d at 957, 960 (interpreter was an ATF agent). The fact that the interpreter took no notes and remembered neither the specific questions nor answers is not crucial where the notes are taken simultaneously by another person. *Beltran,* 761 F.2d at 9-10.

      The Fifth Circuit in *Martinez-Gaytan* employed the Ninth Circuit's approach in *Nazemian* to identify relevant considerations in addressing this issue. First, which party supplied the interpreter? Here the DEA did. It is clear though that the defendant accepted SA Sandoval as an interpreter. Their conversation was low key and polite, and lasted for more than one hour, during which the defendant never objected to SA Sandoval serving as the interpreter. Second, whether the interpreter had any motive to mislead or distort? SA Fraga was the case investigator, not Sandoval. SA Sandoval was not the case agent, knew little about the case, and was primarily present to serve as interpreter. His translations were immediately noted by SA Fraga, minimizing any chance of distortion. Third, what were the interpreter's qualifications and language skill? SA Sandoval had a facility with the romance languages, majored in French in college, attended the intensive DEA Spanish language school, then worked in Mexico for the DEA for four years. His Spanish skills were excellent. And fourth, whether actions taken subsequent to the conversation were consistent with the statements as translated. In *Martinez-Gaytan,* the defendant refused to sign any confession despite having ostensibly just confessed to the officers. Here the evidence reveals no such conduct. There is no evidence that the defendant recanted in any way.

      Accordingly, based upon the facts and the law, the defendant's admissions as noted to

SA Fraga through the conduit of SA Sandoval as the interpreter, should be admitted pursuant to Rule 801(d)(2)(A) as the defendant's own statements. In the alternative, the defendant's admissions as noted by SA Fraga are admissible pursuant to Rule 801(d)(2)(D) on the theory that SA Sandoval was acting as the agent of the defendant.

Respectfully submitted,

_____
Kia Habisreitinger and
Paul W. Laymon
Trial Attorneys
Narcotic and Dangerous Drugs
Department of Justice
1400 New York Avenue NW
Washington, DC 20005
Phone    202-514-1286
Facsimile  202-514-1483

CERTIFICATE OF SERVICE

I certify that a copy of this response was sent via e-mail to defense counsel 23 September 07.

_____
Paul W. Laymon