UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 06-248 (JDB) |
| v. : | |
| : | |
| JUAN DANIEL DEL CID MORALES : | |

## DESIGNATION OF CASE AGENT AND REQUEST TO ALLOW GOVERNMENT TO RECALL CASE AGENT IN ITS CASE-IN-CHIEF

The United States of America, by and through its attorney, the U.S. Department of Justice, Criminal Division, Narcotic and Dangerous Drug Section, hereby moves to designate Special Agent Stephen Fraga as case agent and requests that the Court exclude him from the Rule of Sequestration, pursuant to Federal Rules of Evidence 615. Moreover, the Government requests the Court to allow the prosecution the option of recalling the designated case agent in its case-in-chief and if warranted, in rebuttal.

1.

The Government moves to designate Special Agent Stephen Fraga as case agent and to have the agent assist the Government during the course of the trial. The Federal Rules of Evidence allow the designation of "an officer or an employee of a party which is not a natural person." Such individual is excluded from the Rule of Sequestration even though that officer will testify in the trial. F.R.E. Rule 615.

2.

The Government also seeks the option of recalling Agent Fraga to testify about the defendant's arrest and post-arrest statements. To allow Special Agent Fraga to testify about the defendant's arrest and post-arrest statement after the Government's presentation of the video taped and audio taped evidence would afford an opportunity to present the case in more of a chronological order and would prove beneficial to the jury's understanding of the case. See for example, *U.S. v. Edelin*, 128 F.Supp.2d 23 (D.D.C. 2001) (Government allowed to present its case in chronological order even though witness would be recalled during government's case-in-chief).

3.

The fact that the recalled witness has been designated as a case agent and is allowed to remain in the courtroom during the entirety of the trial does not require the Government to put on that witnesses' testimony first nor does it preclude the Government from recalling him in its case-in-chief or in rebuttal. In *U.S. v. Martin*, a government agent was not sequestered and was not required to testify first. The court reasoned that "[t]he case agent is the prosecutor's information source and even if the agent were excluded, the prosecutor would still have to reveal to him what other witnesses had said and done in order to map out strategy." *Martin*, 920 F.2d 393 at 397.

Based on the foregoing, the Government requests that the Court designate Special Agent Stephen Fraga as case agent and exclude him from the Rule of Sequestration. Moreover, the Government requests the Court allow the prosecution the option of recalling the designated case agent in its case-in-chief and if warranted, in its rebuttal.

Respectfully submitted,

*/s/ Kia M. Habisreitinger*
Kia M. Habisreitinger, Trial Attorney
U.S. Department of Justice
Narcotic and Dangerous Drug Section
1400 New York Avenue, N.W.
Washington, D.C.  20005
Phone:  (202) 616-3234
Fax:     (202) 514-0483
E-mail: Kia.Habisreitinger@usdoj.gov

**ORDER**

IT IS HEREBY ORDERED that Special Agent Stephen Fraga is designated as case agent

and will be excluded from the Rule of Sequestration. Furthermore, the Government will be allowed to recall Special Agent Fraga during its case-in-chief and if warranted, in its rebuttal.

Signed this _____ day, of October, 2007.

_____
JUDGE JOHN D. BATES

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24[rd] day of October, 2007, I electronically filed this motion and sent a copy via facsimile to attorney for the defendant, Heather Shaner.

*/s/ Kia M. Habisreitinger*
Kia M. Habisreitinger