UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

     v.         Cr. 06-248 (JDB)

JUAN DEL CID MORALES

**IN LIMINE MOTION TO EXCLUDE EVIDENCE
PURSUANT TO FRE801(d)(2)(E) ; SIXTH AMENDMENT**

**Co-Conspirator Hearsay**

  The government seeks to admit into evidence against defendant Del Cid Morales a video of a meeting in Panama City, Panama, which took place on June 20, 2006. The video is hearsay. The government seeks admission under 801(d)(2)(E).

  The exception for co-conspirator statements, both today and when first applied by the Supreme Court in 1827, is based on the premise that the declaration is by an *agent* of the defendant, making it an admission of a party, and is typically a non-assertive "verbal act" made in furtherance of the conspiracy rather than a factual assertion about a crime that has occurred or is occurring. *See* United States v. Gooding, 25 U.S. 460, 470 (1827). See 2 Starkie, Evidence §4 at 460 discussing principles of agency. FRE 801(d)(2)(E) (statements of co-conspirators are non-hearsay "admissions" of a party opponent and must be made in furtherance of conspiracy. Bourjaily v. United States, 483 U.S. 171, (1987).

  Bourjaily held that when preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence.

(1) there must be evidence that there was a conspiracy involving the declarant and the non-offering party;

(2)  statement must have been in furtherance of the conspiracy;

(3)  statement must have been made in the course of the conspiracy;

(4)     These three foundational requirements are preliminary questions of fact governed by FRE 104.  Bourjaily v. United States, 483 U.S. 171, (1987).

Bourjaily held that when preliminary facts relevant to Rule 801(d)(2)(E) are disputed, the offering party must prove them by a preponderance of the evidence.

The Court rejected any suggestion that the admission of co conspirator hearsay violated the Confrontation Clause of the Sixth Amendment based on its holding in Ohio v. Roberts, 448 U.S. 56, 63 (1980). supra at 182.  After Crawford and Davis, 126 S.Ct. 2277, the Confrontation Clause has new vitality and the Court must evaluate the statements in light of the Sixth Amendment.

On June 20, 2006 no conspiracy existed involving Mr. Del Cid. Neither Bardales nor Chu Serrano were his agents.  The discussions about a possible agreement did not involve Mr. Del Cid.  Such declarations are admissible over the objection of an alleged coconspirator, who was not present when they were made, only if there is proof aliunde that he is connected to the conspiracy. Taylor v. United States 104 U.S. App. D.C. 219, 26 F.2d 737 (1958) at 738.

Rule 801(d)(2)(E) authorizes the admission of an out-of-court statement "by a coconspirator of a party during the course and in furtherance of the conspiracy." Where a defendant objects to such an admission, however, the district court must find by a preponderance of the evidence that a conspiracy existed and that the defendant and declarant were members of that conspiracy. Bourjaily v. United States, 483 U.S. 171, 175-76 (1987). Although Bourjaily allowed courts to consider the content of the out-of-

court statements in making this determination, id. at 181, and left open whether such statements alone could support the necessary finding, id., our circuit has held that the finding must rest on some independent evidence of the conspiracy. United States v. Gatling, 96 F.3d 1511, 1520-21 (D.C. Cir. 1996). A court can preliminarily admit hearsay statements of co-conspirators, subject to connection through proof of conspiracy. See United States v. Jackson, 627 F.2d 1198, 1218 (D.C. Cir. 1980) (approving procedure).

Defendant argues that all of the June video should be excluded. The narrative parts of the July video that are not in furtherance of a conspiracy but merely narrative declarations should also be excluded. Further "merely narrative declarations" are not in furtherance of a conspiracy under the federal rule (description of declarant's relationship with defendanr in past marijuana business made to "impress [an undercover officer] in order to facilitate a new deal involving a new conspiracy") United States v. Fielding, 645F.2d 719 (9rth C. 1981).

**Non Testifying Informant's Out-of-court Statements Cannot Be "In Furtherance of the Conspiracy" In Any Event And Admission Violates the Confrontation Clause Sixth Amendment**

As a government agent at the time, the out-of-court statements made by the cooperating witness cannot be "in furtherance of the conspiracy" even were the government to prove that one existed because the purpose of his statements was not in fact to further the conspiracy. His purpose was to obtain incriminating information in furtherance of his job as an informant.

Moreover, the informant for the most part during these "conversations" was to recount some past event, real or fictional, in order to provoke inculpatory statements or acknowledgment on the part of targets of the investigation. As real or fictitious narratives of past events, these statements also do not fit in the 801(d)(2)(E) exception.

There are due process concerns with using the witness statements as well. The core values protected by the various criminal procedure provisions of our Constitutions are "due process considerations of fairness, reliability and trustworthiness." States v. Medico, 557 F.2d 309, 314 n.4 (2d Cir.), cert. denied, 434 U.S. 486 (1977). The essence of due process is what the Supreme Court has variously expressed as the "integrity of the fact-finding process," Ohio v. Roberts, 448 U.S. 56, 64 (1980), the "accuracy of the truth-determining process," Dutton v. Evans, 400 U.S. 74, 89(1970), and the "truth-seeking function of the trial process," United States v. Agurs, 427 U.S. 97, 104 (1976). See also Schneckloth v. Bustamonte, 412 U.S. 218, 238-39 (1973).

To permit the entry into evidence of hearsay statements of a non-testifyting informant is a violation of the defendant's Sixth Amendment right to confrontation under Crawford v. Washington, 541 U.S. 36 (2004). He asserts that the tape-recording contained inflammatory and highly prejudicial information that should be excluded because it was testimonial in nature. See United States v. Fields, 483 F.3d 313, 326 (5th Cir. 2007).

The Sixth Amendment to the Constitution states that in all "criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. AMEND. VI. In Crawford v. Washington, the Supreme Court held that the right to confrontation bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. at 53-54. The Court declined to provide a comprehensive definition of "testimonial," but noted that a testimonial statement "is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact" and "includes statements that were made under circumstances that would lead an objective witness reasonably to believe that the statement would be available for later use at trial." Id. at 51-52 (citations omitted).

In <u>Davis v. Washington</u>, 126 S.Ct. 2266, 2276 (2006), the Supreme Court considered whether an interrogation that occurred during a 911 call produced testimonial statements. The Court held that "[s]tatements are non-testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency." Id. Conversely, statements "are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution." Id.

The statements of the informant were clearly testimonial with an eye on later criminal prosecution and should not be admitted.

**WHEREFORE** the defendant moves this Court to exclude hearsay statements from evidence in the trial of Mr. Del Cid Morales.

Respectfully submitted,

/s/

_____
H. Heather Shaner   273276
1702 S St. N.W.
Washington, D.C. 20009
Tel. 202  265 8210

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.                                    Cr. 06-248 (JDB)

JUAN DEL CID MORALES

**ORDER**

Having considered the defendants in limine motion and the oppositiom thereto the Court grants the defendants motion.

Hon. John D. Bates