UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. Case No.: 06-248 (4) (JDB) |
| JUAN DANIEL del CID MORALES | |

**DEFENDANT del CID MORALES' OMNIBUS
MOTION FOR JUDGMENT OF ACQUITTAL, OR,
IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

**COMES NOW** Defendant Juan del Cid Morales (hereinafter referred to as "Mr. del Cid Morales"), and respectfully requests that this Court enter an order of acquittal as to the one charge against him, or, in the alternative, grant him a new trial for the reasons set forth below.

## BACKGROUND

Mr. del Cid Morales stands before this Court convicted of one count of Conspiracy to Import Five Kilograms or More of Cocaine into the United States, and Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine, Knowing and Intending That it Would be Imported Into the United States, in violation of 21 U.S.C. §§ 963, 952, 959, and 960, and Aiding and Abetting, in violation of 18 U.S.C. §2.

## ARGUMENT

**I.   JUAN del CID MORALES IS ENTITLED TO A JUDGMENT OF ACQUITTAL**

Federal Rule of Criminal Procedure 29 (hereinafter referred to as "Rule 29" provides, provides, in pertinent part:

> (c) After Jury Verdict or Discharge.
>   (1) Time for Motion Period.  A defendant may move for a
>       judgment of acquittal, or renew such motion, within 7 days

> after a guilty verdict or after the court discharges the jury, whichever is later, or within any other time the court sets during the 7-day period.
> (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to enter a verdict, the court may enter a judgment of acquittal.
> (3) No Prior Motion Required. A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.
>
> (d) Conditional Ruling on a Motion for New Trial.
> (1) Motion for New Trial. If the court enters a judgment of acquittal after a guilty verdict, the court must also conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed. The court must specify the reasons for the determination.
> (2) Finality. The court's order conditionally granting a motion for a new trial does not affect the finality of the judgment of acquittal.

The Court of Appeals enunciated the standard regarding motions for judgment of acquittal in this district in *Curley v. United States*:

> The true rule, therefore, is that a trial judge, in passing upon a motion for directed verdict of acquittal, must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt.

160 F.2d 229, 232 (D.C. Cir. 1947), *cert. denied* 331 U.S. 837 (1947). That standard has been adopted by all federal circuits. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242 (1986). The court has a responsibility to ensure that the government has shouldered its burden and adequately proved its case. *United States v. Harvey*, 895 F.2d 1331, 1335 (11th Cir. 1990). When considering a motion for judgment of acquittal, a trial judge must view the evidence of the government's case-in-chief in a light most favorable to the government. *United States v.*

2

*Robinson*, 71 F. Supp 9 (D.C.D.C. 1947). When evaluating a motion for judgment of acquittal, a court must determine whether a rational jury could conclude beyond a reasonable doubt that a defendant is guilty of the crimes charged. *Jackson v.* Virginia, 443 U.S. 307 (1979). A judgment of acquittal is required where the government's evidence is insufficient to support a conviction. *Cephus v. United States*, 324 F.2d 893 (D.C. Cir. 1963); *Wiley v. United States*, 517 F.2d 1212 (D.C. Cir. 1975).

Courts have recognized the safeguards provided under Rule 29. Juries are, at times, overwhelmed by, for example, the sheer volume of evidence, length of a trial, security concerns and the "spill-over" effect of evidence concerning one defendant onto another. Rule 29 performs a vital function in a criminal case, as it is designed to protect a defendant from an improper or irrational jury verdict. *See United States v. Ubl*, 472 F.Supp 126 (N.D. Ohio 1979).

As permitted by law, and subsequent to the jury returning its verdicts with regard to Mr. del Cid Morales, the Court granted Mr. del Cid Morales an extension of time to file post-trial motions. That motion was granted by the Court, who ordered that Mr. del Cid Morales' post-trial motions must be filed by February 1, 2008. Mr. del Cid Morales' omnibus motion is, therefore, timely filed. In addition, it should also be noted that Mr. del Cid Morales' filing of this omnibus motion seeking alternate relief is properly filed. A defendant can properly combine a motion for judgment of acquittal, or, in the alternative, a motion for new trial. *United States v. Rojas*, 574 F.2d 476 (9th Cir. 1978).

At the close of the government's case-in-chief, Mr. del Cid Morales moved this court for a judgment of acquittal.[1] Although the court deferred Mr. del Cid Morales' motion at that time,

---

[1] Mr. del Cid Morales adopts and incorporates, by reference, all arguments set forth in his Motion for Judgment of Acquittal at Close of Government case, as well as all oral arguments made in support thereof, in support of this Omnibus Motion.

3

Mr. del Cid Morales hereby renews that motion.[2] Mr. del Cid Morales maintains that he is entitled to a judgment of acquittal, as the evidence presented by the government against Mr. del Cid Morales in its case-in-chief was insufficient to support conviction by a reasonable jury on any of the charges levied against him.[3]

Mr. del Cid Morales was convicted of participation in a narcotics conspiracy to manufacture, distribute and import cocaine. Under the government's theory, Mr. del Cid Morales and his co-conspirators participated in a *single* conspiracy. Unfortunately the evidence presented by the government at trial was insufficient to support a conviction on that charge. In fact, the government's evidence at trial revealed multiple conspiracy schemes; schemes that a reasonable person would find constituted multiple conspiracies, and not that the defendants shared the common purpose of a single enterprise as charged in the indictment.

The government failed to present sufficient evidence to sustain a conviction against Mr. del Cid Morales for the narcotics conspiracy as alleged in Count 1 of the Superseding Indictment. Pursuant to Rule 29, a judgment of acquittal is proper where the conspiracy proven at trial varies markedly from the one charged in the Indictment. If the indictment charges a single overarching conspiracy and the proof at trial shows several conspiracies, a defendant is entitled to judgment of acquittal. *See Kotteakos v. United* States, 328 U.S. 750, 768-74 (1946).

To determine whether the evidence presented at trial supports a single overarching conspiracy or multiple conspiracies, the Court, viewing the evidence in a light most favorable to the government, must look at "whether the defendant shared a common goal, any interdependence among the participants, and any overlap among the participants in the allegedly

---

[2] Trial Transcript, November 9, 2007, AM Session, p.19:1-11.
[3] Mr. Morales incorporates arguments set forth in the portion of this pleading dealing with "New Trial" and discussing sufficiency of evidence. These sections are incorporated in the motion for judgment of acquittal and are submitted to establish the failure of the government evidence to establish the elements of the crimes.

separate conspiracies." *United States v. Gaviria*, 116 F.3d 1498, 1533 (D.C. Cir. 1997)(citations omitted). In Mr. del Cid Morales' case the proof offered at trial demonstrated the existence of multiple conspiracies with multiple "stops-and-starts," as well as different participants, rather than the single one alleged in the Superseding Indictment. *See United States v.* Tarantino, 846 F.2d 1384, 1392 (D.C. Cir. 1988) (citing, *Kotteakos, supra)*.

Mr. del Cid Morales maintains that the government failed to establish proof of an agreement between Mr. del Cid Morales and others with regard to the single, overarching conspiracy as charged. *See Iannelli v. United States,* 420 U.S. 770, 777 (1975). Even were this Court to find that an agreement did exist, the single alleged transaction tying Mr. del Cid Morales to this case is not the conspiracy upon which the government relies; that is, the conspiracy with meetings and alleged co-conspirators prior to July 2006.

Rather, Mr. del Cid Morales is grouped into a single act of mere presence at a subsequent meeting. Such a single act does not constitute, given the state of evidence in the case, and cannot constitute participation in a conspiracy. *United States v. Lively,* 803 F.2d 1124, 1129 (11th Cir. 1986). Therefore, the government failed to present evidence at trial sufficient to support Mr. del Cid Morales' conviction for participation in the conspiracy, as charged in the Superseding Indictment. Accordingly, Mr. del Cid Morales is entitled to a judgment of acquittal pursuant to Rule 29.

Additionally, and also pursuant to Rule 29, a judgment of acquittal is proper where the conspiracy proven at trial varies markedly from the one charged in the Indictment. If the Indictment charges a single, overarching conspiracy and the proof at trial shows differing or several conspiracies, a defendant is entitled to acquittal. *See Kotteakos v. United* States, 328 U.S. 750, 768-74 (1946).

A single conspiracy is composed of individuals sharing a common purpose or objective under one, general agreement. *United States v. Morales*, 113 F.3d 116, 188 (8th Cir. 1997). In order to determine whether the evidence suggests a single conspiracy or multiple conspiracies, the Court must consider factors such as "the nature of the activities, the location where the alleged events of the conspiracy occurred, the identity of the co-conspirators and the time frame." *United States v. Burns*, 432 F.3d 856, 863 (8th Cir. 2005); *see also, United States v. Cubillos*, 2007 WL 188293 (8th Cir. 2007). To prove a single conspiracy, the government must show interdependence among the participants/defendants. *See United States v. Gaviria*, 116 F.2d 1498, 1533 (D.C. Cir. 1997). The government must not only prove a "hub" conspiracy, but also must show interdependence among the "spokes" of that hub.[4] Proving such interdependence forms the rim necessary to enclose all of the alleged participants into a single conspiracy. *United States v. Mathis*, 216 F.3d 18 (D.C. Cir. 2000). Some connection must exist among the competing spokes in order to find a single conspiracy. *Id.* In Mr. del Cid Morales' case, the entire wheel was changed.

In *United States v. Baugham*, Judge Williams noted:

> Some divergences between indictment and proof (we use the neutral term "divergence" advisedly, to encompass both "constructive amendments and variances) plainly have a constitutional dimension. They surely relate to an accused's Fifth Amendment right not to be tried for a felony "unless on a presentment or indictment of a Grand Jury" and Sixth Amendment right "to be informed of the nature and cause of the accusations".

*Baugham*, 449 F.3d 167, 176 (D.C. Cir. 2006) (internal citations omitted). Some divergences result in automatic reversal, without a discussion regarding the prejudice suffered by the

---

[4] The "hub" is "the focal, key or central member[s] of a wheel conspiracy." *United States v. Flood*, 965 F.2d 505, 509 (7th Cir. 1992). The "spokes" are the hub's "associates" who are involved in individual transactions and "know that they are working *for* the hub". *United States v. Payne*, 99 F.3d 1273, 1279 n.5 (5th Cir. 1996)(Emphasis added.). Arguably, co-defendant Bardales was the "hub" to the government's charged conspiracy. Once out of the picture, the wheel changed.

defendant. *See Stirone v. United States*, 361 U.S. 212 (1960) (defendant was charged with unlawfully obstructing shipments of sand into a state, but at trial the government offered additional evidence of his obstruction of shipments of steel out of that state).

During Mr. del Cid Morales' trial there is evidence that after July 2006, and into August 2006, another conspiracy was formed. Co-defendant Bardales was no longer involved. The roles and responsibilities are changed. There were negotiations for monetary support; something completely absent in the previous alleged conspiracy. There was mention of a new team, and new members of the alleged conspiracy.

Rather than removing a cog and inserting another in the mechanism of the conspiracy, the new mechanism of the alleged conspiracy differed vastly from the previously identified conspiracy. More importantly, it is the previous conspiracy that the government elected to indict; they cannot have the benefit of charging a universe of intentions, actors, and actions, yet attain a conviction by proof of a subset. As government counsel admitted during argument of the defense motion for judgment of acquittal at the close of the government case and in response to the Court's question:

> THE COURT: The conspiracy charged in the indictment, who are the co-conspirators in that conspiracy?
> MR. LAYMON: Bardales, Chiu Serrano, Constanza Bran, Mejia and Morales, all five.

Trial Tr. November 9, 2007, AM Session, p.16:8-11. The government must succeed or fail on their indictment.

Clearly, the evidence presented by the government "makes out multiple conspiracies, not the single one alleged." *United States v. Tarantino,* 846 F.2d 1384, 1392 (D.C. Cir.1988) (citing

7

*Kotteakos v. United States,* 328 U.S. 750 (1946)). As a result, a variance from the indictment charged was created.

Mr. del Cid Morales suffered prejudice as a result of that variance due to a violation of his Fifth and Sixth Amendment rights. Essentially, Mr. del Cid Morales was tried for a felony charge not contained within his indictment, in violation of the Fifth Amendment. In addition, as the multiple conspiracy as not contained in the indictment, his Sixth Amendment right to be informed of the nature of the accusations against him was also violated. As a result, Mr. del Cid Morales was unable to properly prepare his defense and, as set forth below, suffered prejudice.

    II.    **THE INTERESTS OF JUSTICE DEMAND THAT MR. del CID MORALES BE AFFORDED A NEW TRIAL**

Rule 33 also provides, in pertinent part:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial of the interest of justice so requires…
> (b) Time to File.
>     \*   \*   \*   \*   \*
> (2) Other Grounds. Any motion for new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period.

In *United States v. Hall*, the Court of Appeals recognized that "…Rule 33 clearly authorizes motions for extension of time to file new trial motions… 'seven days may not always be 'adequate time to make a well-supported motion for a new trial' which is why Rule 33 'affords judges great flexibility to set a new due date.'" 370 F.3d 1204 (D.C. Cir. 2004), *quoting, United States v. Marquez*, 291 F.3d 23 (D.C. Cir. 2002), *cert. denied,* 537 U.S. 929 (2002). The *Hall* case made three visits to the Court of Appeals, with the one cited above being

the last.  As the *Marquez* court explained, the Court of Appeals held in an earlier *Hall* opinion, that Rule 33 was unambiguous and its limits were jurisdictional.  *Marquez, supra.*

As permitted by law, and subsequent to the jury returning its verdicts with regard to Mr. del Cid Morales, Mr. del Cid Morales was granted an extension of time to file post-trial motions.  That motion was granted by the Court, and a February 1, 2008 due date was set.  Mr. del Cid Morales' omnibus motion is, therefore, timely filed.

Mr. del Cid Morales has filed this omnibus motion requesting alternative relief.  Should this Court deny Mr. del Cid Morales' Motion for Judgment of Acquittal, he requests, in the alternative, that he be granted a new trial.  As this Court is aware, it is charged with a different standard when considering Mr. del Cid Morales' motion for New Trial filed pursuant to Rule 33 than when it considers his Motion for Judgment of Acquittal filed pursuant to Rule 29.  While it must consider the evidence presented by the government in a light most favorable to the government when considering the Motion for Judgment of Acquittal, it must be careful not do so when considering Mr. del Cid Morales' Motion for New Trial.[5]  In addition, it is empowered with broader discretion in deciding whether to grant Mr. del Cid Morales a new trial in the interests of justice.  *United States v. Sanchez,* 969 F.2d 1409, 1413 (2nd Cir. 1992); *United States v. Lincoln,* 630 F.2d 1313, 1319 (8th Cir. 1980).

While it is true that this discretion should be exercised sparingly, a new trial should be granted where manifest injustice would result from allowing the verdict to stand.  *Sanchez,* 969 F.2d at 1414; *Garrison v. United States,* 62 F.2d 41, 42 (4th Cir. 1932).  A court is duty bound to set aside the verdicts and grant a new trial when they are against the clear weight of the evidence, or will result in a miscarriage of justice, even though there may be substantial evidence that would prevent it from entering a directed verdict.  *United States v. Parelius,* 83 F.Supp 617 (D.C.

---

[5] *See, United States v. Robinson,* 71 F. Supp 9 (D.D.C. 1947).

Hawaii 1949). As the Fourth Circuit Court of Appeals has noted, "The exercise of this power is not in derogation of the right of trial by jury, but is one of the historic safeguards of that right." *Aetna Casualty & Surety Co. v. Yeatts*, 122 F.2d 350, 353 (4th Cir. 1941).

While affording due respect to the findings of the jury, a federal trial judge should not hesitate to set aside their verdict and order a new trial where the ends of justice so require. *Id.* at 354. In *Parelius*, after considering authority that held that the trial judge sits as the thirteenth juror, the court stated, "…then a verdict in which he [the trial judge] could not concur should not stand if it is properly moved against. In any event he should act in preventing injustice when deliberated discretion prompts such act." *Supra* at 618. The *Parelius* court further noted, "…'justice' in jurisprudence is not a sentimental concept which each person may have as to right and wrong with relation to a given cause, or any duty he may have in connection with it, but is an *impartial, fair and reasonable application of prescriptions of law…*" *Id.*, at 618 (*emphasis added)*. Where "justice dictates that a verdict should not stand, the Court is under a duty to act." *United States v. Hurley*, 281 F.Supp 443, 449 (D.C. Conn. 1968).

When considering Mr. del Cid Morales' Motion for New Trial, this Court must weigh the evidence and credibility of witnesses. *Sanchez*, 969 F.2d 1409 (2d Cir. 1992). It may not, however, "wholly usurp the jury's role." *United States v. Autuori*, 212 F.3d 105, 120 (2d Cir. 2000). Keeping in mind that the ultimate test on a Rule 33 motion is whether letting the verdict stand would be a manifest injustice, this Court must strike a balance.

With regard to considering whether a manifest injustice has occurred, the *Sanchez* court stated that a trial judge must ask himself, "Am I satisfied that competent, satisfactory and sufficient evidence in this record supports the jury's finding that this defendant is guilty beyond a reasonable doubt?" *Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). When making such an

assessment, a judge must "…examine the *totality* of the case. All the facts and circumstances must be taken into account. An objective evaluation is required." *Id.* (emphasis added). Although a trial judge should exercise its discretion to set aside a jury verdict sparingly, it should be invoked in cases in which the evidence "preponderates heavily against the verdict". *United States v. Robinson*, 71 F. Supp 9, 10 (D.D.C. 1947).

Accordingly, Mr. del Cid Morales reasserts his objections and arguments raised during trial. These issues are resubmitted to this Court pursuant to the standard just discussed. However, in addition and specifically, Mr. del Cid Morales addresses the following issues below.

A.      **Panama Video / Conspiracy Formation**

The government introduced evidence against Mr. del Cid Morales in the form of a video that depicted a meeting in Panama City, Panama, which took place on June 20, 2006. However, on that date – even by government standards - no conspiracy existed involving Mr. del Cid Morales. Additionally, the government evidence failed to establish that either co-defendants Jorge Bardale Bourdet or Edgar Chiu Serrano were Mr. del Cid Morales' agents. Simply, the discussions did not involve Mr. del Cid Morales.

Rule 801(d)(2)(E) authorizes the admission of an out-of-court statement "by a coconspirator of a party during the course and in furtherance of the conspiracy." In arguments during trial, the Court ruled evidence of the Panama meeting, in all its forms (audio, video, transcript, statement), admissible. *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987)(Upon defense objection, a district court must find by a preponderance of the evidence that a conspiracy existed and that the defendant and declarant were members of that conspiracy.). However, Mr. del Cid Morales respectfully submits this preponderence threshold for admission

11

of such evidence, in all its forms, was not attained and a new trial is warranted.

As noted in previous argument, the video also highlights the formation of *an* alleged conspiracy, and arguably, not the charged conspiracy.

**B.      Witness "Spaniard/Iberia" Statements**

Prior to trial this Court ruled that "the confrontation clause does not pose an obstacle to admissibility" when reviewing the issue of government informant statements when those individuals are not testifying at trial. After both parties briefed the issue, the Court concluded that the state of the law rested on whether such evidence was offered for the truth of the matter asserted or to supply context to an issue. Prior to trial this Court left the issue open for defense counsel to raise during trial. Trial Transcript, 10-31-08, AM Session, pp.8-9. The Court also noted the possibility of a limiting instruction to protect against the jury using such statements for the truth of the matter. *Id.* Mr. del Cid Morales submits that the statements presented to his jury were not purely for context but were testimonial, for the truth of the matter asserted, and therefore violated his right to confront the witness against him. U.S. Constitution, 6th Amendment.

**C.      *Giglio/Brady* Material for Witness "Spaniard/Iberia"**

Mr. del Cid Morales submits that impeachment material regarding the absent government witness, "Spaniard/Iberia," should have been provided to the defense. The government's continuing discovery obligations are clear. One of those obligations is set forth in the *Jencks Act*. The *Jencks Act*, 18 U.S.C. §3500, provides, in pertinent part:

§3500.  Demands for production of statements and reports of witnesses.

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a

>Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
>(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.
>
>* * * * * * *
>
>(e) The term "statement", as used in subsections (b), (c), and (d) of this section in relation to any witness called by the United States, means--
>
>>(1) a written statement made by said witness and signed or otherwise adopted or approved by him;
>>
>>(2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or
>>
>>(3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

In order to require production under the *Jencks Act*, notes and/or reports of witness interviews prepared by government agents must qualify as "statements". Such notes and/or reports constitute statements pursuant to the *Jencks Act* if they have been "adopted or approved" by those witnesses or if they are a substantially verbatim account of the witness' interview. *United States v. North American Reporting, Inc.*, 740 F.2d 50 (D.C. Cir. 1984). This standard, however, "does not require that the notes reflect a 'delusive exactness'. *Id.* at 56 (*quoting Palermo v. United States*, 360 U.S. 343, 352-353 (1959)). "So long as the notes can be fairly characterized as the witness' own words, they should be made available to the defense." *Id.* at 56.

Once trial begins, the government usually must produce any *Jencks* statements of a witness when the witness is tendered for cross-examination. In addition to its obligations under the *Jencks Act*, the government has a continuing duty to provide any evidence that is exculpatory in nature.

"In *Brady v. Maryland*, the Supreme Court held that the Due Process Clause imposes upon the prosecution an obligation to disclose 'evidence favorable to the accused…where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *In re Sealed Case No. 99-3096*, 185 F.3d 887, 891-892 (D.C. Cir. 1999) (*quoting Brady v. Maryland*, 373 U.S. 83, 87 (1963)).

Impeachment evidence, as well as exculpatory evidence falls within the *Brady* rule. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *United States v. Bagley*, 473 U.S. 667, 676 (1985); *In re Sealed Case*, *supra*. As the Supreme Court noted in *Strickler v. Greene*, the term "*Brady* violation" covers a multitude of prosecutorial sins. 527 U.S. 263 (1999). "These include both the failure to search for *Brady* material and the failure to produce it." *In re Sealed Case,* at 892.

A *Brady* violation has three components: (1) the evidence at issue must be favorable to the accused, whether exculpatory or impeaching; (2) such evidence must have been suppressed by the government, either willingly or inadvertently; and (3) prejudice must have ensued. *Strickler v. Greene, supra*. In order to establish "prejudice", the evidence must be material. *Id.* If the evidence is material, a new trial is required. *Kyles v. United States*, 514 U.S. 419, 421-422 (1995).

Additionally, given the absentee status of the witness "Spaniard/Iberia" it is noted that Rule 806 of the Federal Rules of Evidence provides:

14

> When a hearsay statement, or a statement defined in Rule 801 (d)(2)(C), (D), or (E), has been admitted in evidence, the credibility of the declarant may be attacked, and if attacked may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom a hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination.

Absent to Mr. del Cid Morales was the ability to question and impeach government witnesses about "Spaniard/Iberia." The lack of discovery material relating to this witness deprived Mr. del Cid Morales of the opportunity to impeach the witness through in-court government witnesses as if the "Spaniard/Iberia" were seated in the witness chair.

**D.   Mr. del Cid Morales is Entitled to a New Trial as the Weight of the Evidence Does Not Support His Convictions.[6]**

This Court presided over the presentation of evidence in this matter. Now, as required by law, it must weigh the evidence against Mr. del Cid Morales as an impartial juror. Mr. del Cid Morales maintains that upon doing so the Court will be unable to draw any reasonable conclusion other than that he is entitled to a new trial because such evidence "preponderates heavily" against the verdict delivered by his jury. As Mr. del Cid Morales argued at closing, the evidence in his case could only lead a reasonable juror to only one conclusion: Mr. del Cid Morales is not guilty of the crime with which he was charged.

---

[6] Arguments submitted in this subsection are asserted and incorporated as part of Mr. Morales' motion for judgment of acquittal.

**WHEREFORE,** for the arguments and authorities cited Mr. del Cid Morales asks the Court for the relief sought above and a hearing on the issues presented.

Respectfully submitted,

**RETURETA & WASSEM, P.L.L.C.**

By: _____/s/_____
Manuel J. Retureta, Esq.
District of Columbia Bar #430006
601 Pennsylvania Avenue, NW
South Building ~ Suite 900
Washington, D.C. 20004
(202) 220-3073
Counsel for Juan del Cid Morales

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of February 2008 this pleading was served on all parties via ECF filing.

_____/s/_____
Manuel J. Retureta