UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JUAN DANIEL DEL CID MORALES,<br><br>Defendant. | Criminal Action No. 06-248 (JDB)<br><br>**FILED**<br>APR 0 3 2008<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

## MEMORANDUM AND ORDER

On November 9, 2007, following a jury trial, defendant Juan Daniel Del Cid Morales was convicted of conspiring to import cocaine into the United States, or conspiring to manufacture or distribute cocaine, intending or knowing that such cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 963, 952, 959, and 960. He has now moved for a judgment of acquittal or a new trial pursuant to Fed. R. Crim. P. 29 and 33. Upon careful consideration of the motion, the opposition thereto, the applicable law, and the entire record, the Court will deny Del Cid Morales' motion.

### DISCUSSION

I.  **Motion for Judgment of Acquittal**

In considering a Rule 29 motion, the Court must view the evidence in the light most favorable to the government and must determine whether the evidence presented at trial is sufficient to sustain a conviction as a matter of law; in other words, the Court must decide whether a reasonable jury could conclude that the government met its burden of proving each

element of the offense beyond a reasonable doubt. See United States v. Treadwell, 760 F.2d 327, 333 (D.C. Cir. 1985); see also United States v. Gomez, 431 F.3d 818, 819 (D.C. Cir. 2005) ("As always with a defendant's claims of insufficient evidence, we review de novo, viewing the evidence in the light most favorable to the government. We affirm if a rational fact-finder could have found guilt beyond a reasonable doubt."). "In this case, the government charged Del Cid Morales, Erik Constanza Bran, Alvaro Mejia, Antonio Chui Serrano, and Jorge Bardales with participating from April 2006 to September 27, 2006, in a single conspiracy, to import cocaine into the United States or to manufacture and distribute cocaine, knowing it would be imported into the United States." Gov't Opp. at 6. The crux of Del Cid Morales' argument in favor of acquittal is that the government's evidence at trial established multiple conspiracies, not the single overarching conspiracy alleged in the indictment.

"In order to determine whether the evidence supports the jury's implicit finding of a single conspiracy the court looks at whether the defendants shared a common goal, any interdependence among the participants, and any overlap among the participants in the allegedly separate conspiracies." United States v. Gaviria, 116 F.3d 1498, 1533 (D.C. Cir. 1997) (citing United States v. Gatling, 96 F.3d 1511, 1520 (D.C. Cir. 1996)). Here, the videotaped evidence of the defendants' meetings and the recorded phone conversations between the informant and Constanza Bran overwhelmingly establish that the defendants shared the common goal of moving more than 1000 kilograms of cocaine into Guatemala, to the Mexican border, and into the United States. Although Del Cid Morales contends that he was merely present at various meetings without entering into an agreement with the other defendants, the evidence demonstrates otherwise. Del Cid Morales agreed to provide security for the cocaine while it was in transit, accepted $10,000

from the informant to further the safe transportation of the cocaine, and discussed with the informant how to further the goal of the conspiracy by avoiding DEA involvement in Guatemala. Moreover, the testimony at trial confirmed that Del Cid Morales essentially confessed to his involvement in the conspiracy on the flight to the United States following his arrest.

As for the interdependence and overlap among the participants in the conspiracy, they often met together to discuss their strategy and to make plans for the movement of the cocaine. Each had a specific role to play, which was essential for the success of the scheme. Bardales and Constanza Bran acted as the leaders and managers. After Bardales' presumed death, Constanza Bran explained how the agreement would carry on and how he would take the place of Bardales. Bardales' death, then, did nothing to alter the common goal to move and import 1000 kilograms of cocaine. Constanza Bran also had the additional task of setting up a front business to cover the group's activities, and Del Cid Morales and Mejia, who were former police officials in Guatemala, were to provide security to ensure the cocaine reached its destination. Based upon all of the evidence, the Court concludes that a reasonable jury could find that the government met its burden of proving a single conspiracy, which did not vary from the indictment.[1]

## II.    Motion for a New Trial

In relevant part, Fed. R. Crim. P. 33(a) provides that "the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "In

---

[1] "Even assuming that there was a variance, [Del Cid Morales] failed to show that he was substantially prejudiced by it." Gaviria, 116 F.3d at 1533. The D.C. Circuit has stated that "spillover prejudice" from evidence of other conspiracies is "less likely the fewer the defendants," and here there were only five alleged participants. Id. Moreover, the danger of such prejudice is reduced even further when the government provides evidence, as it did here, such that the jury has "no need to look beyond each defendant's own words in order to convict." Id. (quoting United States v. Anderson, 39 F.3d 331, 348 (D.C. Cir. 1994)).

considering a motion for a new trial, a district judge weighs the evidence and evaluates the witnesses' credibility and decides whether 'a serious miscarriage of justice may have occurred.'" United States v. Rogers, 918 F.2d 207, 213 (D.C. Cir. 1990) (quoting Tibbs v. Florida, 457 U.S. 31, 38 n.11 (1982)). "Unlike a motion for judgment of acquittal, when ruling on a motion for a new trial 'the Court need not accept the evidence in the light most favorable to the government.'" United States v. Howard, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (quoting United States v. Edmonds, 765 F. Supp. 1112, 1118 (D.D.C. 1991)). Ultimately, "[a] motion for a new trial is committed to the sound discretion of the trial judge, and should be reversed only for abuse or misapplication of the law." United States v. Mangieri, 694 F.2d 1270, 1285 (D.C. Cir. 1982) (quoting United States v. Reese, 561 F.2d 894, 902 (D.C. Cir. 1977)).

Del Cid Morales has a heavy burden under Fed. R. Crim. P. 33. As another judge in this District has stated, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Howard, 245 F. Supp. 2d at 30 (quoting Edmonds, 765 F. Supp. at 1118). In this case, Del Cid Morales raises four principal arguments: (1) that it was error to introduce into evidence the video of the June 20, 2006 meeting; (2) that statements of a non-testifying government informant named "Spaniard/Iberia" were introduced in violation of the Confrontation Clause; (3) that the government violated its obligation to disclose impeachment material for "Spaniard/Iberia"; and (4) that the weight of the evidence does not support his conviction. The Court will consider each argument in turn.

First, the Court need not linger long on Del Cid Morales' contention that the June 20, 2006 videotape was improperly admitted into evidence because he was not yet a member of the conspiracy. It is well established that when a defendant joins a conspiracy he takes the

conspiracy as he finds it. The Supreme Court itself has explicitly stated that "the declarations and acts of the various members, even though made or done prior to the adherence of some to the conspiracy become admissible against all as declarations or acts of co-conspirators in aid of the conspiracy." United States v. United States Gypsum Co., 333 U.S. 364, 393 (1948). Before the government admitted the videotape of the June 2006 meeting into evidence, the Court determined that the proper threshold had been met. See Bourjaily v. United States, 483 U.S. 171, 175 (1987) (explaining that upon defense objection, the Court must find "that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy'"). The videotaped meeting shows the nature and objective of the conspiracy, identifies parties, and establishes their relationship to one another. Although Del Cid Morales was not present on June 20, 2006, other participants in the conspiracy engaged in discussions with the informant about how Bardales and his associates could assist in the transportation of 1000 kilograms of cocaine. Because the videotape shows the formation of the conspiracy, and because Del Cid Morales later joins that same conspiracy, the June 20, 2006 videotape was properly admitted into evidence. See United States v. Jackson, 757 F.2d 1486, 1490 (4th Cir. 1985) (stating that "upon joining the conspiracy, earlier statements made by co-conspirators after inception of the conspiracy become admissible against the defendant").

Del Cid Morales next raises a matter that was thoroughly briefed by the parties prior to the commencement of the trial: whether the admission into evidence of recorded statements by a non-testifying informant violates the Confrontation Clause. The Court agrees with the First, Third, Seventh, Tenth, and Eleventh Circuits that no violation of the Confrontation Clause occurs

when such statements are admitted for context and not for their truth.  See, e.g., United States v. Nettles, 476 F.3d 508, 517 (7th Cir. 2007) (audio and video recordings of conversations with a non-testifying informant were properly admitted into evidence); United States v. Valdes, 214 Fed. Appx. 948, 950 (11th Cir. 2007), cert. denied, 128 S. Ct. 163 (2007); United States v. Bobb, 471 F.3d 491, 499 (3d Cir. 2006) (finding no violation of the Confrontation Clause where "out-of-court statements were surreptitiously recorded and either were made by co-conspirators or, if made by non-conspirators, were offered for the purpose of establishing context, not for their truth"), cert. denied, 127 S. Ct. 2083 (2007); United States v. Faulkner, 439 F.3d 1221, 1226-27 (10th Cir. 2006); United States v. Walter, 434 F.3d 30, 35 (1st Cir. 2006) (recorded statements of a non-testifying cooperating witness were properly admitted into evidence because Crawford v. Washington, 541 U.S. 36 (2004), "does not call into question this Court's precedents holding that statements introduced solely to place a defendant's admissions into context are not hearsay, and as such, do not run afoul of the Confrontation Clause"), cert. denied, 547 U.S. 1199 (2006). Here, the Court was careful only to admit recorded statements made by "Spaniard/Iberia" when those comments arose in the flow of the recorded conversations and were necessary to place Del Cid Morales' admissions into context.  Hence, "Spaniard/Iberia" was not a witness against Del Cid Morales for Sixth Amendment Confrontation Clause purposes, and Del Cid Morales' rights were not violated.

Del Cid Morales also broadly argues that under Fed. R. Crim. P. 806, the Jencks Act, 18 U.S.C. § 3500, Giglio v. United States, 405 U.S. 150 (1972), and Brady v. Maryland, 373 U.S. 83 (1963), "impeachment material regarding the absent government witness, 'Spaniard/Iberia,' should have been provided to the defense." Def.'s Mot. at 12.  It is, of course, notable that

"Spaniard/Iberia" did not testify at Del Cid Morales' trial. Because the credibility of "Spaniard/Iberia" was not at issue, Del Cid Morales' arguments are ultimately unconvincing.

First, Rule 806 allows a defendant to attack the credibility of the declarant when a hearsay statement is admitted into evidence. No hearsay statements of "Spaniard/Iberia" were admitted into evidence here, however. As discussed above, statements by "Spaniard/Iberia" were not introduced for the truth of the matter asserted, but were instead admitted solely for context. Thus, Rule 806 is inapplicable. Second, Del Cid Morales argues that "the government usually must produce any Jencks statements of a witness when the witness is tendered for cross-examination." Def.'s Mot. at 14. This, too, is inapplicable because "Spaniard/Iberia" never took the stand and was never tendered for cross-examination. Third, other courts have generally held that the government does not have to produce Giglio material for a non-testifying informant. See, e.g., Valdes, 214 Fed. Appx. at 951 ("In this case, the Government had no Giglio obligation with regard to the confidential informant. Giglio requires the Government to provide impeachment information about testifying witnesses, and the informant did not testify as a witness at trial."). Because "Spaniard/Iberia" is presumed to be dead, the Court has no concerns that the government sought to avoid its disclosure obligations by not calling "Spaniard/Iberia" as a witness. And fourth, Del Cid Morales resorts to the Brady doctrine. Of course the government had a general obligation to disclose material that was favorable to the accused. Beyond mere speculation, however, Del Cid Morales makes no arguments to suggest that any such material existed and was withheld here.

Lastly, Del Cid Morales makes the conclusory assertion that the weight of the evidence does not support his conviction. Keeping in mind that the Court need not accept the evidence in

the light most favorable to the government, Del Cid Morales has nevertheless failed altogether to demonstrate that the evidence weighs against the verdict. To the contrary, the government introduced ample evidence that Del Cid Morales participated in a conspiracy to import cocaine into the United States, through Guatemala and Mexico, as alleged in the indictment. Indeed, Del Cid Morales' own actions and words were captured on videotape, in audio recordings, and in his statement given to Special Agent Steven Fraga. In light of the extensive evidence presented at trial, the Court concludes that Del Cid Morales cannot prevail on his argument that the weight of the evidence does not support his conviction.

## CONCLUSION

Accordingly, upon consideration of Del Cid Morales' motion for judgment of acquittal or, in the alternative, for a new trial, the opposition thereto, and the entire record herein, and for the foregoing reasons, it is hereby **ORDERED** that the motion is **DENIED**.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 2, 2008