# RETURETA & WASSEM, P.L.L.C.
### ATTORNEYS AT LAW
601 PENNSYLVANIA AVENUE, NW
SOUTH BUILDING — SUITE 900
WASHINGTON, D.C. 20004
MJR.RW@VERIZON.NET

MANUEL J. RETURETA, ESQ. (DC)
LEIGH ANNE WASSEM, ESQ. (MD)

(202) 220-3073
FAX: (202) 220-3130

06-248-4

February 4, 2008

FILED
MAY 0 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**VIA FACSIMILE**

Crystal S. Lustig
U.S. Probation Officer
Washington, DC   20001

Dear Officer Lustig:

My apologies for the late filing of these comments.

Mr. del Cid Morales submits the following objections to your draft Presentence Investigation Report (PSI):

1. Mr. del Cid Morales objects to the "Offense Conduct" section in its entirety. The reasons for this objection are incorporated in the Motion for Judgment of Acquittal/New Trial to be filed with the Court on February 1, 2008.

2. Mr. del Cid Morales objects to the "1,300 kilogram" amount of cocaine mentioned throughout the PSI. The jury failed to establish beyond a reasonable doubt that anything beyond a five-kilogram weight was attributable to Mr. del Cid Morales. Specifically, Mr. del Cid Morales objects to the calculation of the Offense Level.

    The PSI achieves an Offense Level 38 by employing the unsubstantiated 1,300 kilogram level and referencing U.S.S.G. §2D1.1(a)(3) and (c)(1). However, consistent with the jury finding, the Offense Level should be reduced to Level 32 as no factual determination beyond a reasonable doubt supports any drug level above 5 kilograms. U.S.S.G. §2D1.1(a)(3) and (c)(4).

3. Because the jury found that Mr. del Cid Morales was accountable for only 5 kilograms of cocaine, his base offense level can only be increased pursuant to U.S.S.G. §1B1.3, Relevant Conduct. Although the law permits the Court to find that Mr. del Cid Morales is accountable for a greater amount of cocaine, it is *the government's* burden to convince the Court by a preponderance of the evidence.

Mr. del Cid Morales contends that the quantity of cocaine for which he could be held accountable must be determined pursuant to §1B1.3(a)(1)(B); i.e., as part of jointly undertaken activity. It is important to note, however, that jointly undertaken activity is *not always the same as the principles of criminal liability.* See, Application Note 1 to §1B1.3. Otherwise stated, a defendant is not automatically held accountable for an amount of cocaine that he could have foreseen. The amount of cocaine attributable to him must have been *within the scope of his jointly undertaken activity, not simply foreseeable.* See, Application Note 2 (Examples of the limitation of §1B1.3 in attributing conduct of codefendants to a co-conspirator Application Note 2.(c)(3) and (5).

4.      Mr. del Cid Morales objects to the absence of a guideline reduction for "minor participation." In *United States v. Caballero*, 936 F.2d 1292, 1299 (D.C. Cir. 1991), the Court of Appeals stated:

> Before it may find that a defendant was a minor participant in the offense, however, the evidence available to the court at sentencing must, at a minimum, show (i) that the "relevant conduct" for which the defendant would, within the meaning of section 1B1.1(a)(1), be otherwise accountable involved more than one participant (as defined in section 3B1.1, comment. (n.1)) and (ii) that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s).

*Id.*, 936 F.2d at 1298.

Based upon Mr. del Cid Morales' conduct, he is entitled to an adjustment for a mitigating role in accordance with U.S.S.G. §3B1.2. One could reasonably argue that given Mr. del Cid Morales' conduct, he should be entitled to a minimal participant adjustment of four levels. At the very least, he should be granted a two level adjustment as a minor participant in the drug conspiracy. A minor participant is one who is less culpable than most other participants in the offense.

Thank you for your time and kind attention to this matter.

Yours truly,

Manuel J. Retureta, Esq.

MJR/law

cc: Paul Laymon, U.S. Dept. of Justice

MORALES, Juan Daniel Del Cid                          Page
                                   18

### PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSI) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)

    ( ) There are no material/factual inaccuracies therein.

    ( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          _____
Assistant U.S. Attorney                           Date

### For the Defendant

(CHECK APPROPRIATE BOX)

    ( ) There are no material/factual inaccuracies therein.

    (✓) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_[signed]_ 1-31-08              _[signed]_ 1-31-08
Defendant   Date                     Defense Counsel   Date