UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JUAN DEL CID MORALES,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 11-475 (JDB)<br>Criminal Action No. 06-248 (JDB) |

## MEMORANDUM OPINION

This case is before the Court on petitioner Juan Del Cid Morales's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court will deny the petition.

Morales and several codefendants were charged with conspiring to import five or more kilograms of cocaine through Guatemala into the United States, for distribution here, in violation of 21 U.S.C. §§ 952, 959, 960, and 963, and 18 U.S.C. § 2. Morales pled not guilty, and, after the Court severed the codefendants' cases for separate trials, proceeded to trial. A jury convicted Morales on the sole count. The governing statute provided for a sentencing range of 120 months to life imprisonment where the offense involved five kilograms or more of cocaine. See 21 U.S.C. § 960(b)(1)(B)(ii). After finding Morales involved in transporting "1300 kilograms, or at least 1,000 or more kilograms" of cocaine based on the evidence presented at trial, see Sentencing Tr. at 39:11-15 (May 8, 2008), the Court calculated the applicable United States Sentencing Guidelines range to be 235 to 293 months. The Court "fully considered" the Guidelines, but noted that they are only "advisory." Id. at 6:4-5. The Court then sentenced Morales to 220 months of imprisonment, below the advisory guideline range, and imposed a

1

period of supervised release and a special assessment. Morales appealed his conviction and sentence, and the D.C. Circuit affirmed. United States v. Morales, 398 F. App'x 598 (D.C. Cir. 2010) (per curiam).

In his pro se motion to vacate, set aside, or correct his sentence, Morales makes a number of arguments [Docket Entry 283]. Many are vague, and the particular claims are difficult to understand. Indeed, his petition appears to utilize sections from other habeas petitioners' motions, making a number of arguments that are inapplicable to Morales, including arguments about the validity of his guilty plea (petitioner plead not guilty and went to trial), a sentencing enhancement for aggravated role and possession of a firearm (the Court made neither finding and petitioner's sentence was not enhanced), and the Court's upward departure from the sentencing guidelines (the Court sentenced petitioner below the guidelines). The Court has made its best efforts to understand Morales's arguments and construe them favorably. Nonetheless, the Court finds that all the arguments lack merit or are procedurally barred.

First, Morales argues that the Court had no jurisdiction over his offense because Congress lacked "legislative jurisdiction" to enact the statute under which he was charged, 21 U.S.C. § 959.[1] See Pet'r's Mot. [Docket Entry 283] at 21, 23 (Feb. 28, 2011). Insofar as this is an argument against Congress's authority to pass a statute with extraterritorial scope, this challenge fails. Morales was convicted of conspiracy to import a large amount of cocaine into the United States in violation of 21 U.S.C. § 959 for activities he undertook in Guatemala. To be sure, there is a "longstanding principle of American law that legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." EEOC v. Arabian Am. Oil Co., 499 U.S. 244, 248 (1991) (internal quotation marks omitted). But

---

[1] The other statutory provisions cited in Morales's indictment, 18 U.S.C. § 2 and 21 U.S.C. §§ 952, 960, 963, set out relevant definitions and penalties, while 21 U.S.C § 959 defines the core offense.

just as surely, Congress has the power to give a statute extraterritorial scope when it makes clear its intent to do so. See Morrison v. Nat'l Austl. Bank Ltd., 130 S. Ct. 2869, 2877 (2010) ("[The presumption against extraterritoriality] represents a canon of construction, or a presumption about a statute's meaning, rather than a limit upon Congress's power to legislate . . . ."). Congress provided a clear statement here, stating expressly that "[t]his section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States." See 21 U.S.C. § 959(c). Accordingly, 21 U.S.C. § 959 is a duly constituted statute with extraterritorial application. And because Morales was charged with an offense under a valid federal statute, this Court has jurisdiction over the offense. See 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."); see also 21 U.S.C. § 959(c) ("Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.").

Morales also raises a slew of challenges to his sentence, arguing that his Eighth Amendment rights were violated because the Court gave too much consideration to the sentencing guidelines, that the imposed sentence was unreasonable because the Court failed to depart from the guidelines and because the drug quantity on which the Court based the sentence was not found by a jury, and that the Presentence Investigation Report contained factual inaccuracies. Morales challenged his sentence as procedurally and substantively unreasonable on direct appeal, and the D.C. Circuit rejected these arguments "conclud[ing] they are without merit." See Morales, 398 F. App'x at 599. Without delving back into an issue conclusively resolved by the D.C. Circuit, the Court notes that Morales's sentence was—contrary to his

3

argument—below the guidelines. Moreover, the Court's finding as to drug quantity did not raise the statutory maximum sentence (nor, for that matter, affect the minimum), but simply guided the Court's discretion in imposing a sentence within a statutorily authorized range, consistent with long-standing authority. See United States v. Settles, 530 F.3d 920, 923 (D.C. Cir. 2008) ("long-standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proved by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction"); see also United States v. Booker, 543 U.S. 220, 233 (2005) ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). And it goes without saying that a 220 month sentence—a sentence within a statutory range and below the applicable sentencing guidelines range—comports with the Eighth Amendment. See Rummel v. Estelle, 445 U.S. 263, 274 & n.11 (1980) ("for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative" and does not implicate the Eighth Amendment absent "extreme" disproportionality like lifetime imprisonment for overtime parking). As for Morales's argument about the Presentence Investigation Report's accuracy, he did not raise that argument at trial or on direct appeal, and it is hence procedurally barred. See United States v. Frady, 456 U.S. 152, 167 (1982).[2] Morales has failed to show cause and prejudice that would excuse the procedural default. Indeed, his only argument for excusing the procedural bar is that "but for deficient Counsel who cajoled and hoodwinked him into a guilty plea, with no benefits derived from a Plea Agreement, he would have proceeded to trial, and it is more likely than not that no reasonable juror would convict him of the relevant crime."

---

[2] Nor does he now identify specific factual inaccuracies in the report.

Pet'r's Mot. at 14. Morales, however, pleaded not guilty and did proceed to trial, where he was convicted by a jury. Accordingly, this allegation (likely borrowed from another petitioner's motion) has no application to his case.

Morales also raises two issues in passing. In his reply brief, he argues that a conflict of interest by defense counsel violates a defendant's rights. While that is undoubtedly so as a general matter, Morales has failed to indicate any reason that his attorneys—neither of whom represented any of Morales's co-defendants—were burdened by a conflict of interest.[3] Finally, Morales argues that his grand jury indictment was flawed. This issue is procedurally barred because it was not raised at trial or on direct appeal and because, as discussed above, Morales has provided no cause that would excuse his procedural default. In any case, a problem in the indictment, even if established, is harmless once a defendant has been convicted in a fair trial, and so would present no reason to vacate his conviction. United States v. Mechanik, 475 U.S. 66, 73 (1986) ("the petit jury's verdict rendered harmless any conceivable error in the [grand jury's] charging decision").

Accordingly, the Court will deny Morales's motion.[4] A separate order has been issued.

/s/
JOHN D. BATES
United States District Judge

Dated: March 28, 2013

---

[3] Nor did the attorneys, who vigorously tested the government's case at trial and argued for a substantially lower sentence, "effectively join[] the state in an effort to attain a conviction or death sentence," Pet'r's Reply [Docket Entry 288] at 8 (Jan. 20, 2012) (internal quotation marks omitted).

[4] Morales does not point to any information outside the record that would assist the court in evaluating his claims, and "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b). Hence, the Court will deny the motion without holding an evidentiary hearing.